UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUEONTAY DL CHAPMAN,

        Plaintiff,

        v.                                 Case No. 25-cv-1612-bhl

MILWAUKEE COUNTY JAIL,
CORRECTIONAL OFFICER NOLAN, and
CORRECITONAL CIRION,

        Defendants.

## SCREENING ORDER

Plaintiff Queontay DL Chapman, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated.  On November 21, 2025, the Court screened the complaint and after concluding that the allegations were factually frivolous, gave Chapman the opportunity to file an amended complaint, which he did on December 10, 2025.  The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### THE COURT'S ANALYSIS

Like the original complaint, the amended complaint consists of Chapman's inventory of alleged wrongs, most of which are entirely unrelated. For example, he alleges that officers ignore him when he asks questions about his rights, that the men and women at the jail are jealous cowards, that no one will give him his pin to the kiosk, that he is being "gang-stalked," that other inmates are flaunting their penises at him, and that "witchcraft is at work."

Under 28 U.S.C. §1915A(b) a court must dismiss a complaint if the complaint is frivolous. A complaint is factually frivolous if the facts alleged in the complaint are unbelievable. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). Chapman's amended complaint is factually frivolous and therefore must be dismissed.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

2

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin on December 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.